UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cr-00320-TWP-MG |
| | ) | |
| DESMOND BREEDLOVE, | ) -01 | |
| DAJUAN BREEDLOVE, | ) -02 | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON DEFENDANTS' MOTIONS *IN LIMINE*

This matter is before the Court on Defendant DaJuan Breedlove's First Motion *in Limine* (Filing No. 72) and Desmond Breedlove's Motion *in Limine* as to Opinion Testimony. (Filing No. 73). This criminal case is set for a jury trial on **May 22, 2023, at 9:00 a.m.,** in the Indianapolis Courthouse. Desmond Breedlove is charged in Count 1: Possession with Intent to Distribute Controlled Substances, Count 2: Carrying a Firearm During and in Relation to a Drug Trafficking Crime, and Count 4: Felon in Possession of a Firearm. (Filing No. 1.) DaJuan Breedlove is charged in Count 1: Possession with Intent to Distribute Controlled Substances, Count 3: Carrying a Firearm During and in Relation to a Drug Trafficking Crime, and Count 5: Felon in Possession of a Firearm. *Id*. Both Defendants argue the United States of America (the "Government") should not be allowed to introduce propensity evidence and certain opinion testimony (Filing No. 72; Filing No. 73). The Government has not responded to either Motion. For the reasons stated below, the Court **denies** the Defendants' Motions *in Limine*.

### I.      LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in limine." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for

any purpose. *See Beyers v. Consol. Ins. Co.*, No. 1:19-cv-1601-TWP-DLP, 2021 WL 1061210, at *2 (S.D. Ind. Mar. 19, 2021) (citing *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id*. at 1401.

## II.   DISCUSSION

The Defendants have each petitioned the Court to exclude several categories of evidence from trial that they argue is inadmissible. The Court will address the Defendants' motions in turn.

### A.   Defendant DaJuan Breedlove's Motion *in Limine*

DaJuan Breedlove asks the Court to preclude the Government from introducing propensity evidence (Filing No. 72). *See* Fed. R. Evid. 403, 404(b), 608. Specifically, he contends that the Government should not be allowed to introduce evidence of prior non-qualifying convictions, the nature of his prior convictions, pending probation violations, and any reference to the "extra dangers to the community that such a large magazine might present". (Filing No. 72 at 2.)

The Federal Rules of Evidence ("Rule") "define relevance broadly". *United States v. McKibbins*, 656 F.3d 707, 711 (7th Cir. 2011). Under Rule 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." *United States v. Boros*, 668 F.3d 901, 907 (7th Cir. 2012) (citing Fed. R. Evid. 401). "Rule 402 provides the corollary that, with certain exceptions, '[r]elevant evidence is admissible' and '[i]rrelevant evidence is not admissible.'" *Id*. at 907 (citing Fed. R. Evid. 402). Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice,

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id*. at 909 (citing Fed. R. Evid. 403).

According to Rule 404(b), relevant evidence of a crime, wrong, or other act is inadmissible if the proponent offers the evidence to show a person's propensity to act a certain way. Fed. R. Evid. 404(b). Regardless, the district court may admit other-act evidence if the evidence is offered for "another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id*. Meanwhile, Rule 608(b) permits a cross-examiner to use specific instances of a witness' conduct to impeach the witness, so long as they are probative of the witness' credibility. Fed. R. Evid. 608(b).

DaJuan Breedlove states that he has prior felony convictions for Intimidation and/or Burglary. (Filing No. 72 at 2.) He indicates he has agreed to "stipulate that he was a convicted felon at the time of his arrest" and requests that if he chooses to testify, "the court limit the impeachment use of his prior convictions to allow the Government to introduce to the jury that he has been convicted of a felony on two prior occasions, as opposed to discussing the nature of those convictions in front of the jury." *Id*. He argues that while he has "previously been convicted of Intimidation, and/or Burglary," the Government should not be allowed to introduce such evidence because it is not probative and such evidence would be overly prejudicial. *Id*.

Tellingly, the Government has not responded to this Motion. The Court agrees with DaJuan Breedlove that his prior felony convictions are probative only to establish the element in Count 5, that on or about May 29, 2021, when he allegedly possessed a firearm, he knew that he had been convicted of one or more felony crimes punishable by imprisonment for a term exceeding one (1) year. If DaJuan stipulates to this element, the prejudicial impact of his conviction(s) would outweigh the probative value of this evidence.

3

On the other hand, in the event DaJuan Breedlove chooses to testify in his defense, the Government would be permitted to cross-examine him concerning his prior convictions. Neither party has presented any argument or authority concerning the admissibility of DaJuan Breedlove's prior convictions in this regard. For example, burglary is a crime of dishonesty, so the Court would have to make determinations regarding the admissibility and limitations concerning the impeachment use of his prior burglary conviction at the time of trial. The Court declines to grant a motion in limine concerning prior convictions should DaJuan testify at trial.

Accordingly, upon the filing of his stipulation, DaJuan Breedlove's Motion *in Limine* (Filing No. 72) is **granted in part and denied in part**.

**B.    Defendant Desmond Breedlove's Motion *in Limine***

Desmond Breedlove's one paragraph Motion *in Limine* asks the Court for an order excluding "all evidence and prohibiting all questions, references and testimony, direct and indirect, in trial and *voir dire*, concerning" the "[o]pinions by any witness prior to the establishment, outside the presence of the jury, that the opinion meets the requirements of Federal Rule of Evidence 701 or 702 and does not violate the limitations imposed by Federal Rule of Evidence 704." (Filing No. 73.)

Federal Rule of Evidence 701 provides that

> [i]f the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

*See* Fed. R. Evid. 701. Under Rule 702, an expert may testify in the form of an opinion if the testimony will help the trier of fact better understand the evidence or determine a fact in issue. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 148 (1999) (finding that "Rules 702 and 703 grant expert witnesses testimonial latitude unavailable to other witnesses on the 'assumption that the

4

expert's opinion will have a reliable basis in the knowledge and experience of his discipline.'"). Meanwhile under Rule 704(a), an opinion is not objectionable because it embraces an ultimate issue, but an expert in a criminal case cannot opine on the defendant's mental state pursuant to Rule 704(b). *See* Fed. R. Evid. 704.

The Government has not responded to Defendant's Motion. The Government has filed a notice regarding expert witness (Filing No. 70), however, Desmond Breedlove's Motion does not point the Court to any specific evidence he wishes to be excluded. The Court is well aware of the requirements and limitations of Rules 701, 702 and 704, but there remains no basis to grant the Motion at this time. Accordingly, objections as to opinion testimony will be resolved in the context of trial. To that end, the Court **denies** the Defendant's Motion *in Limine* (Filing No. 73).

### III.   CONCLUSION

For the foregoing reasons, DaJuan Breedlove's First Motion *in Limine* (Filing No. 72) is **GRANTED in part and DENIED in part,** and the Court **DENIES** Desmond Breedlove's Motion *in Limine* as to Opinion Testimony (Filing No. 73). An order *in limine* is not a final, appealable order. If a party believes that evidence excluded by this Entry becomes relevant or otherwise admissible during the course of the trial, counsel may request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence.

**SO ORDERED.**

Date: 4/28/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

5

DISTRIBUTION:

Harold Samuel Ansell
INDIANA FEDERAL COMMUNITY DEFENDERS
Sam_Ansell@fd.org

Leslie D. Wine
INDIANA FEDERAL COMMUNITY DEFENDERS
leslie_wine@fd.org

Charles C. Hayes
HAYES RUEMMELE LLC
charles@chjrlaw.com

Peter Blackett
UNITED STATES ATTORNEY'S OFFICE
peter.blackett@usdoj.gov

Jeremy Carl Fugate
UNITED STATES ATTORNEY'S OFFICE
jeremy.fugate@usdoj.gov